[Cite as *In re Guardianship of McIntire*, 2013-Ohio-5051.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

IN THE MATTER OF: THE GUARDIANSHIP OF GARY WAYNE MCINTIRE

Appellate Case No.     2012-CA-29

Trial Court Case No.   2010-GI-18C

(Domestic Relations Appeal from Probate/Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of November, 2013.

. . . . . . . . . . .

THOMAS H. HAHN, Atty. Reg. No. 0086858, P.O. Box 341688, Beavercreek, Ohio 45432
        Attorney for Appellant

RONALD TOMPKINS, Atty. Reg. No. 0030007, 19 Pearce Place, Urbana, Ohio 43078
        Attorney for Appellee

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1}     This case is an appeal by a ward from a guardianship appointment. Counsel for

Appellant, Gary Wayne McIntire, has informed the Court that he has been "unable to locate any

viable issues on appeal."  He has requested the Court to determine whether there are arguably

meritorious issues for appellate review under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We have found no authority supporting the proposition that *Anders* applies in this case. Therefore, we have not undertaken an independent review of the record. We affirm the trial court.

{¶ 2} From the brief and record, we construe the assignment of error to be as follows:

The trial court abused its discretion when it overruled a ward's objection to appointment of any female guardians.

{¶ 3} Mr. McIntire was found to be incompetent by the Champaign County Probate Court. His sister was appointed as guardian. Thirteen months later she was replaced. On March 21, 2012, an application was filed to appoint a third guardian because the incumbent guardian was retiring. An expert evaluation was submitted in support of continuing the guardianship. Counsel was appointed to represent Mr. McIntire. The hearing on replacement of the guardian and continuation of the guardianship was held May 3, 2012. At the hearing Mr. McIntire objected to continuation of the guardianship, so an evidentiary hearing was held on June 20, 2012.

{¶ 4} The incumbent guardian testified that he believed Mr. McIntire needed to continue having a guardian. The expert evaluation stated that Mr. McIntire had not improved, and recommended that the guardianship be continued. All evidence supported the conclusion that the guardianship should be continued. In Mr. McIntire's testimony, he strongly objected to the proposed guardian, not on the basis of her qualifications, skills, or experience, but simply because she was a female.

{¶ 5} The evidence supports the trial court's appointment. Due to the lack of family members willing to serve as guardian and the lack of other available volunteers, only Elaine

Blanton was available.

**{¶ 6}** Ms. Blanton was very qualified to be appointed as guardian. She was the director of Volunteers for Adult Life Enhancement, ("VALE"), which was an organization which handles guardianships for people who are indigent and without family. Ms. Blanton worked as an adult protective service worker. Due to her expertise and experience, Ms. Blanton handled many of the more difficult guardianships for VALE.

**{¶ 7}** The evidence supports the trial court's conclusions. The court did not abuse its discretion by finding that Mr. McIntire continues to be incompetent and appointing Ms. Blanton as McIntire's guardian.

**{¶ 8}** We overrule the assignment of error. Accordingly, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN and HALL, JJ., concur.

Copies mailed to:

Thomas H. Hahn
Ronald Tompkins
Hon. Brett A. Gilbert